THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| READY SEAFOOD CO., | CASE NO. C20-5846-JCC |
| Plaintiff, | ORDER |
| v. | |
| WESTLAKE SEAFOOD, LLC, | |
| Defendant. | |

This matter comes before the Court *sua sponte*. Plaintiff Ready Seafood Co. alleges that the Court has jurisdiction over this matter "pursuant to 28 U.S.C. § 1332(a) because there is complete diversity between the parties and the amount in controversy exceeds $75,000." (Dkt. No. 1 at 2.) But the Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

As the party invoking the Court's diversity jurisdiction, Ready Seafood Co. "bears the burden of . . . pleading . . . diversity jurisdiction." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613–14 (9th Cir. 2016). "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "A limited liability company 'is a citizen of every state of which its owners/members are citizens,' not the state in which it

was formed or does business." *Id.* at 612 (quoting *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)). Plaintiff alleges that "Defendant's members reside in Washington." (Dkt. No. 1 at 1.) But Plaintiff does not plead any facts about the members (i.e., who they are or whether they are natural persons, corporations, or other entities) or their citizenship. If they are natural persons, "residency is not equivalent to citizenship." *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019). "[A] natural person's state citizenship is . . . determined by her state of domicile, not her state of residence." *Kanter*, 265 F.3d at 857. "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Id.* "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.* Therefore, Plaintiff's allegation that "Defendant's members reside in Washington" is insufficient to plead diversity of citizenship, even if Defendant's members are natural persons. (Dkt. No. 1 at 1.)

Even so, "[d]efective jurisdictional allegations are not fatal." *NewGen, LLC*, 840 F.3d at 612. "Courts may permit parties to amend defective allegations of jurisdiction at any stage in the proceedings." *Id.*; *see also* 28 U.S.C. § 1653. If 'the information necessary to establish the diversity of the citizenship of . . . [a] defendant[] [is] not reasonably available to [a] plaintiff," the plaintiff may "plead its jurisdictional allegations as to [that] defendant[] on information and belief." *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1086 (9th Cir. 2014).

Accordingly, the Court ORDERS Plaintiff Ready Seafood Co. to file an amended complaint that properly alleges diversity jurisdiction within 14 days of the date of this order. The Court does not grant leave to amend any of the allegations in the complaint other than the jurisdictional allegations. The Court will consider Plaintiff's motion for default judgment (Dkt. No. 10) after the amended complaint is filed.

//

//

//

DATED this 9th day of December 2020.

_John C. Coughenour_ (signature)
John C. Coughenour
UNITED STATES DISTRICT JUDGE