THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| READY SEAFOOD CO., <br><br> Plaintiff, <br><br> v. <br><br> WESTLAKE SEAFOOD, LLC, <br><br> Defendant. | CASE NO. C20-5846-JCC <br><br> ORDER |

This matter comes before the Court on Plaintiff Ready Seafood Co.'s motion for default judgment (Dkt. No. 10). Having thoroughly considered the motion and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

I.  **BACKGROUND**

On August 21, 2020, Plaintiff Ready Seafood Co. filed a complaint alleging that it sold over $90,000 dollars of lobster to Defendant Westlake Seafood LLC, but Westlake paid only $5,000 of the balance. (*See* Dkt. No. 1 at 2.) Ready Seafood served Westlake's registered agent with the summons and complaint by personal service on August 27, 2020. (*See* Dkt. No. 4.) Therefore, Westlake's deadline to respond to the complaint was September 17, 2020. Fed. R. Civ. P. 12(a)(1)(A)(i).

Westlake's registered agent, who does not appear to be a lawyer, mailed an answer

denying most of the allegations in the complaint to Ready Seafood's attorney on September 13, 2020. (*See* Dkt. Nos. 7 at 7–9, 10 at 3.) Westlake has not formally appeared in this matter—through counsel or otherwise—and has not filed the answer with the Court. The Clerk entered default on September 28, 2020. (*See* Dkt. Nos. 5, 8.) Later that day, Ready Seafood served the order of default on Westlake by mail. (Dkt. No. 9.)

Ready Seafood moved for a default judgment 30 days later and served Westlake with the motion and supporting documents by mail that same day. (*See* Dkt. Nos. 10 at 11, 11 at 3, 12 at 4.) Westlake did not appear or respond. A few weeks later, the Court ordered Ready Seafood to show cause why the Court should not dismiss this matter for lack of subject-matter jurisdiction by filing an amended complaint that properly alleged subject-matter jurisdiction. (*See* Dkt. No. 13.) Ready Seafood filed an amended complaint that cured the deficiencies the Court identified the next day. (*See* Dkt. No. 14.) Westlake still has not appeared or responded to any of Ready Seafood's filings.

## II. LEGAL STANDARD

The Court may enter a default judgment at its discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). When determining whether to enter a default judgment, the Court may consider:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). "[U]pon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

//

//

## III. DISCUSSION

### A. Merits of Plaintiff's Claim, Sufficiency of the Complaint, and Possibility of a Dispute of Material Fact

The three *Eitel* factors related to the merits of Ready Seafood's claims all weigh in favor of entering a default judgment here.[1] After a party defaults, the Court accepts "the factual allegations of the complaint, except those relating to the amount of damages, . . . as true." *Geddes*, 559 F.2d at 560. Therefore, if the factual allegations in Ready Seafood's complaint, accepted as true, show that Westlake "is liable for the misconduct alleged," then the complaint is sufficient, Westlake is barred from disputing those factual allegations, and Ready Seafood has established the merits of its claim. Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"[A]n account stated [is] 'a manifestation of assent by debtor and creditor to a stated sum as an accurate computation of an amount due the creditor.'" *Sunnyside Valley Irr. Dist. v. Roza Irr. Dist.*, 877 P.2d 1283, 1284 (Wash. 1994) (quoting Restatement (Second) of Contracts § 282(1)). "[I]t is an admission by each party of the facts asserted and a promise by the debtor to pay the sum indicated." *Id.* The manifestation of assent need not be explicit and "may be implied from the circumstances and acts of the parties." *Shaw v. Lobe*, 108 P. 450, 451 (Wash. 1910). "A party's retention without objection for an unreasonably long time of a statement of account rendered by the other party is a manifestation of assent." Restatement (Second) of Contracts § 282(1).

Ready Seafood alleges it sold over 15,000 pounds of lobster to Westlake on November 16, 2018 and November 19, 2018, but Westlake paid only $5,000 of the $90,570.09 price. (Dkt. No. 14 at 2–8.) Ready Seafood further alleges that it "sent the November 23, 2018 invoice to [Westlake]" in November 2018, "21 months" before Ready Seafood filed the original complaint

---

[1] The merits of Plaintiff's claims, the sufficiency of the complaint, and the possibility of a dispute of material fact.

in this matter, and Westlake never disputed that it owes the amount of the invoice.[2] (Dkt. No. 1 at 3.) Therefore, the complaint alleges, Ready Seafood has established an account stated because Westlake retained the invoice for an unreasonable amount of time and never objected. (Dkt. No. 14 at 3.) The Court agrees that these facts, accepted as true, suffice to establish an account stated.

For reasons that are unclear, Ready Seafood does not allege that it sent the other three invoices to Westlake or how long Westlake retained them. Even so, it is reasonable to infer from the allegations in the complaint that Ready Seafood sent the other three invoices to Westlake in November 2018. *See Doe v. United States*, 419 F.3d 1062 (9th Cir. 2005) (In addition to treating a plaintiff's factual allegations as true, the Court must "draw[] all reasonable inferences from the complaint in [the plaintiff's] favor."). First, the complaint alleges that Westlake has not disputed the amount due on any of the invoices. (*See* Dkt. No. 14 at 3.) The Court infers from that allegation that Ready Seafood sent the other three invoices to Westlake. Otherwise, Westlake would have no reason to dispute them, and its failure to do so would be irrelevant. Next, one invoice contains a "printed" date that differs from the order date, which suggests that the invoices were, in fact, printed. (Dkt. No. 14 at 6.) The Court infers that the purpose of printing the invoices was to send them to Westlake. Ready Seafood's allegation that it sent the November 23, 2018 invoice to Westlake in November 2018—*i.e.*, within seven days of the "printed" date— suggests that Ready Seafood generally sent the invoices shortly after printing them. (Dkt. No. 14 at 5–9 (showing remaining invoices were printed on November 19 and November 21).) Therefore, accepting the allegations in the complaint as true and drawing all reasonable inferences from those allegations in Ready Seafood's favor, the Court concludes that Ready Seafood adequately pled its account stated claim. Because the Court concludes that Ready Seafood stated a claim for account stated, it need not address Ready Seafood's claim for open account, which is asserted only "in the alternative." (Dkt. No. 14 at 3.)

---

[2] Ready Seafood repeats this "21 months" allegation in the Amended Complaint that was filed later but the Court understands that to be an error. (*See* Dkt. No. 14 at 3.)

### B. Remaining Factors

All but one of the remaining factors weigh in favor of entering a default judgment. First, Ready Seafood would be prejudiced if the Court were not to enter a default judgment because it would be without a remedy. *See Microsoft Corp. v. Lopez*, 2009 WL 959219, slip op. at 2 (W.D. Wash. 2009). Second, on this record, there is no evidence that Westlake's failure to appear is justified by excusable neglect. It has been several months since Ready Seafood originally served Westlake and Westlake still has not appeared. Third, the amount of money at stake is proportional to the harm caused: it is the amount of the unpaid invoices and interest. Finally, the general policy in favor of deciding cases on the merits always weighs against entering a default judgment, but where, as here, the defendant has failed to appear despite notice and more than adequate time to do so, it is unlikely that denying Ready Seafood's motion would facilitate resolution on the merits.

### C. Damages

Having concluded that Ready Seafood's allegations suffice to establish an account stated and that a default judgment is warranted, the Court turns to its evidence of damages. "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). A party seeking a default judgment must "provide a concise explanation of how all amounts were calculated, and . . . support this explanation with evidence establishing the entitlement to and amount of the principal claim, and, if applicable, any liquidated damages, interest, attorney's fees, or other amounts sought." W.D. Wash. Local Civ. R. 55(b)(2)(A). The Court may enter a default judgment for damages without a hearing if "the amount claimed is a liquidated sum or capable of mathematical calculation." *Davis v. Fendler*, 650 F.2d 1154, 1162 (9th Cir. 1981).

Ready Seafood seeks $85,570.09 in principal and 9% prejudgment interest. (Dkt. No. 14 at 4.) The company provided evidence that appears to substantiate its request for $85,570.09 in principal but its explanation of how it arrived at that total does not match the evidence it

submitted in support of its damages request. Further, Ready Seafood never explains why it is entitled to 9% prejudgment interest or how the interest accrues. Therefore, the Court exercises its discretion to DENY the motion for default judgment. The Court will give Ready Seafood one final opportunity to amend the complaint and provide the relevant supporting evidence. If the second amended complaint or motion are defective, the Court will enter a default judgment for the amount it determines is appropriate based on the evidence before it.

Ready Seafood alleges in the complaint that the four invoices it sent to Westlake add up to a total balance owed of $90,570.09, Westlake paid $5,000 in July 2020, and then failed to pay the rest. (Dkt. No. 14 at 2–3.) Nolan Rusk, Ready Seafood's Manger of Accounts Receivable, submitted a declaration confirming that is what happened in which he explains that he remembers the $5,000 payment because it "was made in July 2020 in response to correspondence [he] sent to Westlake Seafood." (Dkt. No. 12 at 2.) Accordingly, counsel for Ready Seafood calculated the prejudgment interest Westlake allegedly owes in two periods: the first period applies the 9% interest rate to the full $90,570.09 owed and the second period applies the rate to only $85,570.09 in principal.[3] (*See* Dkt. Nos. 11 at 2, 11-1 at 6.).

The problem is that the documents Ready Seafood submitted to support its damages calculation do not match its allegations. The four invoices Ready Seafood attached to the complaint add up to a total balance of $118,320, not $90,570.09, and the "aged accounts receivable detail" Mr. Rusk submitted with his declaration shows a $32,749.91 payment. (*See* Dkt. Nos. 12 at 2, 12-1 at 5.) Subtracting that payment from $118,320 results in a total principal balance of $85,570.09, which matches Ready Seafood's request but is inconsistent with its allegations in the complaint and leaves the Court unable to calculate the interest Westlake allegedly owes. This discrepancy leaves the Court with a choice: enter default judgment for $85,570.09 and deny Ready Seafood's request for prejudgment interest or give Ready Seafood one final opportunity to adequately support its request. Under the circumstances, although it will

---

[3] The Court cannot determine what the "9%" column means.

cause further delay, the Court concludes it is better to send these issues back to Ready Seafood, particularly because the Court now has questions about the company's factual allegations.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Ready Seafood's motion for default judgment and grants Ready Seafood leave to amend the complaint and submit additional evidence, if necessary, to support its damages calculation. If Ready Seafood wishes for the Court to award prejudgment interest, it must show that it is entitled to prejudgment interest and explain how it arrived at the requested rate and how the interest accrues. If Ready Seafood prefers to forego prejudgment interest and for the Court to enter default judgment now for only the principal balance, Ready Seafood may file a notice on the docket. Regardless of what Ready Seafood chooses, its amended or supplemental materials must be filed within 14 days of the date of this order.

DATED this 21st day of June 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE